IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE SMITH LAW FIRM, PLLC, *et al.*, )<br>)<br>)<br>Defendants. ) | CASE NO. 2:24-cv-00582-RAH<br>[WO] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *Motion to Recuse* (doc. 38) filed by Defendants The Smith Law Firm, PLLC and Robert Allen Smith, Jr. ("Smith Defendants"). The motion comes after a status conference where I voluntarily disclosed my previous representation of Plaintiff Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen") before I was confirmed as a federal judge. I made the disclosure so that any concern could be resolved sooner rather than later in the case. Beasley Allen has filed a response.

In their motion, the Smith Defendants cite solely to 28 U.S.C. § 455, which "places a judge under a self-enforcement obligation to recuse himself where the proper legal grounds exist." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987) (per curiam), *superseded on other grounds by statute*, Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28, *as recognized in Lussier v. Dugger*, 904 F.2d 661, 664–65 (11th Cir. 1990). Section 455(a) contains a general catch-all provision requiring a judge to "disqualify himself in any proceeding in

which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) enumerates several specific, bright-line grounds for disqualification. *See id*. § 455(b). This case does not involve any of the specific circumstances enumerated in Section 455(b), nor do the Smith Defendants say that it does. So, I must answer the more general question of whether, under Section 455(a), my previous attorney-client relationship with Beasley Allen, which ended over five years ago, would cause a fully informed, lay observer to reasonably question my impartiality in this proceeding. The Smith Defendants say that it does.

Section 455(a) has a broader scope than Section 455(b) and requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a). Even the mere appearance of bias is sufficient to mandate recusal—whether there is actual bias is irrelevant. *See Liteky v. United States*, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring).

Because Section 455(a)'s purpose "is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (citation omitted), it requires the application of an objective standard, *see Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Specifically, that objective standard asks "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [would be based] would entertain a significant doubt about the judge's impartiality." *Id.* The purpose of § 455 "is to foster impartiality by requiring even its appearance." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982) (citation omitted). Importantly, "[a] reasonable observer must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to 'faithfully and impartially discharge and perform all the duties' incumbent upon them." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011)

2

(quoting 28 U.S.C. § 453). "Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky*, 510 U.S. at 558 (Kennedy, J., concurring). A court considering recusal must bear in mind that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam) (citation omitted); *see United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

"A judge's prior representation of one of the parties in a proceeding . . . does not automatically warrant disqualification." *See, e.g.*, *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted). The Judiciary's Committee on Codes of Conduct ("Committee") offers guidance in its *Compendium of Selected Opinions* ("*Compendium*"), which can be found within the Guide to Judiciary Policies and Procedures. The *Compendium*[1] contains a summary of selected published and unpublished opinions issued by the Committee and contains summaries of the advice given in response to confidential fact-specific inquiries. *See generally* Compendium (Aug. 2024). The *Compendium* provides that "[a] judge who formerly represented various law firms in defending malpractice suits should recuse from all cases handled by such firms for a reasonable period (two to five years), regardless of whether the fees were paid by the firm or its insurance carrier." *Id.* § 3.6-5(c) (Aug. 2024).

To resolve the recusal issue in question (i.e., litigation involving a former client of a judge in a matter unrelated to the earlier representation), several factors

---

[1] The *Compendium* is a restricted-access internal resource for judges.

3

should be considered, including the length of time since the earlier representation ended; the nature, duration, and intensity of the earlier representation; and the presence or absence of an ongoing personal relationship.  The general recommended period of recusal is a minimum of two years.  *See, e.g.*, *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621–22 (7th Cir. 2002) ("Nothing in the Code of Conduct for federal judges makes prior representation of a litigant a disqualifying event.  The norm among new appointees to the bench is that once two years pass, perhaps even earlier, a judge is free to sit in controversies involving former clients." (citing Compendium § 3.6-5)).

Pertinent to the consideration of the Smith Defendants' motion, I state the following.  I was confirmed to my current judicial position on December 4, 2019, over five years ago, after practicing law in Montgomery, Alabama for approximately twenty years with the law firm of Rushton, Stakely, Johnston & Garrett, P.A. Rushton Stakely is primarily a litigation defense firm, with a focus in professional liability defense.  Over the last fifteen years of my practice, a large percentage of my practice involved representing attorneys across the State of Alabama in various legal matters in which they found themselves – legal malpractice, disciplinary matters before the Alabama State Bar, human resource matters, attorney separation, and attorney fee disputes.  Beasley Allen was just one of numerous other law firms and attorneys that I represented over the years.  That representation was occasional over the course of the years and constituted a small fraction of my overall client base and revenue generations on a year-to-year basis.[2]  But that relationship ended over five years ago.  I have no ongoing attorney-client relationship with the Beasley Allen firm, nor have I in over five years.  And further, that representation never involved or included any of the matters at issue in this lawsuit, both as it concerns the

---

[2] And during that time, I represented clients in matters against parties represented by Beasley Allen.

4

Defendants and the talc litigation against Johnson & Johnson.

I have no close social or personal ties to their attorneys. Any interaction with the attorneys of that firm over the past five-plus years has been in my role as a judicial officer before whom they occasionally appear as counsel for litigants, at bar-related functions, and in the Montgomery community in general. That relationship is no different than that of which I have with any attorney in the Montgomery area, including current local counsel for the Smith Defendants.

As the Seventh Circuit observed some time ago:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. . . . Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.

*United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) (citations omitted). However, if "the association exceeds what might reasonably be expected in light of the associational activities of an ordinary judge, the unusual aspects of a social relation may give rise to a reasonable question about the judge's impartiality." *Id.* at 1538 (citation and internal quotation marks omitted).

Based on the requirements and considerations of Section 455 and the guidance interpreting it, including the Code of Conduct for United States Judges, I am confident that my prior representation of Beasley Allen (or any other attorney or law firm for that matter) would not lead an objective, disinterested, lay observer to entertain a significant doubt about my impartiality. *See Parker*, 855 F.2d at 1524. I therefore conclude that I am not prohibited by the Code of Conduct for United States Judges or 28 U.S.C. § 455 from hearing this case and that my recusal is unwarranted.

Accordingly, it is **ORDERED** that the *Motion to Recuse* (doc. 38) is **DENIED**.

**DONE** and **ORDERED** on this the 3rd day of January 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE