IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BEASLEY, ALLEN, CROW,            )
METHVIN, PORTIS AND              )
MILES, P.C.,                     )
                                 )
    Plaintiff,               )
                                 )
    v.                       )    CASE NO. 2:24-cv-00582-RAH
                                 )
THE SMITH LAW FIRM, PLLC,        )
*et al.*,                        )
                                 )
    Defendants.              )

## **CONFIDENTIALITY AND PROTECTIVE ORDER**

Pending before the Court is the parties' *Joint Motion for Protective Order* (doc. 43) filed on January 2, 2025.  For good cause, the motion (doc. 43) is **GRANTED**.  Accordingly, pursuant to Fed. R. Civ. P. 26(c), the Court hereby enters the following Order, consistent with the parties' Stipulated Protective Order (doc. 43-1) ("Order"), to protect the parties and their clients from unnecessary dissemination of personal, confidential, or sensitive information. This Order is not intended to, and does not, enlarge or diminish any rights except those expressly addressed herein. The Court thereby ORDERS as follows:

1.    The parties are law firms and lawyers, who represent thousands of claimants in talcum powder litigation ("Clients").

2.    Each Client's personal, confidential, or sensitive information that has not previously been disclosed publicly shall be considered "Confidential Material" pursuant to this Order.

3.    In addition to the foregoing, each party may, in good faith,  designate

its/his own personal, proprietary, or sensitive information as "Confidential" prior to using or producing said information in this action and such information shall also be considered "Confidential Material" pursuant to this Order.  To designate Confidential Material, a party shall conspicuously mark each page with the word "Confidential." To designate a deposition transcript "Confidential," in whole or in part, a party may designate on the record during the deposition, or in writing to the other parties within ten (10) days of receipt of the transcript.

4.    A party's inadvertent production of Confidential Material not marked "Confidential" shall not constitute a waiver of any rights or privileges.  However, another party's good faith use of unmarked Confidential Material prior to being informed that the material should have been marked as Confidential shall not be deemed a violation of this Order.  The party making the inadvertent production shall notify the other parties as soon as it becomes aware of the inadvertent production, at which time the unmarked Confidential Material will be considered Confidential.  As soon as practicable, the party shall reproduce the Confidential Material marked Confidential.

5.    Any party may challenge another party's designation of Confidential Material by motion to the Court, including on the basis that the Confidential Material was publicly known or available, either at the time this action was filed, or at the time the Confidential Material was produced or disclosed in this action. The Confidential Material at issue will remain Confidential, and subject to this Order, until the Court rules on the motion.

6.    Confidential Material produced in this action may not be disclosed publicly by a receiving party.  No party shall make an unsealed filing that contains, discloses, or attaches another party's Confidential Material without redacting the Confidential Material.  However, nothing in this Order shall prevent a party from using its own Confidential Material as it sees fit, unless its Confidential Material has

also been designated Confidential by another party.   If a party intentionally files its own Confidential Material in a non-confidential manner, the party thereby waives the confidentiality of the material.

7.    Only the parties—their counsel, associates, paralegals, and staff—and their experts, consultants, and agents retained in relation to the issues presented in this action ("Authorized Persons") may possess and use, within the confines of this Order, and only in connection with this action, Confidential Material received from another party.

8.    This Order is not intended to, and does not, enlarge or diminish any party's right to rely on the attorney-client or any other privilege or the work product doctrine.

9.    This Order, except as expressly stated herein, is not intended to, and does not, enlarge or diminish any party's right to pursue discovery, object to discovery, or challenge admissibility.

10.    Upon motion to the Court, this Order may be modified for good cause.

11.    Within 120 days after termination of this action, each party shall destroy all Confidential Material received in this litigation unless, within sixty (60) days after termination of this action, a party requests, in writing, the return of its Confidential Material.  The Confidential Material shall be returned within sixty (60) days after receiving the written request, or within 120 days after termination of the action, whichever is later.

12.    The Court retains jurisdiction to enforce this Order after termination of the action.

**DONE** and **ORDERED** on this the 14th day of January 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE