## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

BEASLEY, ALLEN, CROW,              )
METHVIN, PORTIS AND MILES,         )
P.C.,                              )
                                   )
   Plaintiff,        )
                                   )
vs.                                )    Case No.: 2:24-cv-00582-JTA
                                   )
THE SMITH LAW FIRM, PLLC,          )
et al.,                            )
                                   )
                                   )
   Defendants.       )

### PORTER MALOUF, P.A.'S FIRST AMENDED CROSS-CLAIMS

COMES NOW defendant Porter Malouf, P.A. ("Porter Malouf"), pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, without waiver of arbitrability, and hereby asserts the following amended cross-claims against co-defendants/cross-claim defendants The Smith Law Firm, PLLC and Robert Allen Smith, Jr:

### Parties

1.    Cross-Claim Plaintiff Porter Malouf is a Mississippi Professional Association. The individual members of Porter Malouf are Tim Porter and Patrick Malouf, each of whom are resident citizens of Mississippi.

2.    Cross-Claim Defendant The Smith Law Firm, PLLC ("Smith Law") is a Mississippi Professional Limited Liability Company whose sole member is Allen Smith, a resident citizen of Mississippi.

3.     Cross-Claim Defendant Robert Allen Smith, Jr. ("Smith") (Smith and Smith Law are collectively referred to as the "Smith Defendants") is a licensed attorney and a resident citizen of Mississippi.

## Jurisdiction

4.     Jurisdiction is appropriate under 28 U.S.C. § 1367.

## Facts

5.     On January 23, 2014, Beasley Allen, the Smith Defendants, and Porter Malouf entered into a joint venture agreement for the handling of the talcum powder litigation (the "JV Agreement").

6.     The JV Agreement anticipated that Beasley Allen and Smith Law/Porter Malouf would equally divide the work and expenses associated with the talcum powder litigation, with Beasley Allen responsible for 50% and Smith Law/Porter Malouf responsible for 50%.

7.     On May 17, 2021, Porter Malouf and Smith Law executed a Purchase Agreement, whereby Smith Law purchased all of Porter Malouf's rights, title, and interest in the talcum powder litigation (the "Purchase Agreement").

8.     Under the Purchase Agreement, Smith Law assumed any obligations Porter Malouf owed under the JV Agreement, including but not limited to any obligation to reimburse Beasley Allen for expenses associated with the talcum powder litigation.

9.     Further, Smith Law agreed to indemnify, hold harmless, and defend Porter Malouf against "any and all liability, loss, damage, claims, cause of action, and expenses, including reasonable attorneys' fees arising out of (i) a breach of any of the representations and warranties made by Purchaser to Seller Parties in the Transaction Documents, (ii) a breach of any covenant or obligation of the Purchaser in the Transaction Documents, and (iii) any Assumed Liabilities." Assumed Liabilities is defined to include Porter Malouf's obligations under the JV Agreement.

10.     In the event of a breach of the Agreement, the non-breaching party is entitled to specific performance, any and all damages resulting from the breach, and any attorneys' fees and costs incurred in bringing the action.

11.     Beasley Allen then filed the instant lawsuit on September 10, 2024, alleging in part that Porter Malouf and the Smith Defendants failed to pay their share of expenses under the JV Agreement.

12.     Beasley Allen further alleges that the Smith Defendants kept a substantial number of talcum powder clients a secret and did not disclose them to Beasley Allen. The Smith Defendants also failed to disclose such clients to Porter Malouf.

## COUNT ONE – BREACH OF CONTRACT

13.     Porter Malouf realleges and incorporates the foregoing paragraphs as if fully set forth herein.

14.    The JV Agreement and the Purchase Agreement are binding and valid contracts.

15.    Porter Malouf fulfilled its obligations under the Purchase Agreement and under the JV Agreement prior to selling its interest in the talcum powder litigation to Smith Law.

16.    Smith Law breached its obligations under the JV Agreement and the Purchase Agreement by, among other things, failing to fulfill its obligation to pay the Smith Firm/Porter Malouf share of the expenses associated with the talcum powder litigation and failing to disclose all talcum powder clients to Porter Malouf and Beasley Allen.

17.    As a proximate result, Porter Malouf has suffered damages.

WHEREFORE, Porter Malouf demands judgment against the Smith Defendants for compensatory damages plus attorney's fees, interest, costs, and such other relief deemed appropriate, including but not limited to specific performance.

## COUNT TWO – FRAUDULENT SUPPRESSION

18.    Porter Malouf realleges and incorporates the foregoing paragraphs as if fully set forth herein.

19.    As a result of their obligations under the JV Agreement and the Purchase Agreement, the representations they made in connection with negotiating such agreements, their fiduciary and/or confidential relationship with Porter Malouf,

4

their duty of loyalty to the Joint Venture, their superior knowledge, and special circumstances related to this case, the Smith Defendants had an ongoing duty to disclose certain material facts to Porter Malouf.

20. Among those material facts was that the Smith Defendants had taken, or had determined to take, outside of the JV Agreement and Purchase Agreement talcum powder cases and represent talcum powder clients in whom Porter Malouf had or should have had a contractual interest.

21. Rather than disclosing said material facts and such other material facts as may be uncovered through discovery, the Smith Defendants suppressed them with the intent to deceive Porter Malouf.

22. Without knowledge of such material facts, Porter Malouf entered into the JV Agreement and Purchase Agreement and sold its rights to participate and receive proceeds from the talcum powder litigation.

23. As a proximate result, Porter Malouf has suffered damages.

WHEREFORE, Porter Malouf demands judgment against the Smith Defendants for compensatory and punitive damages, plus attorney's fees, interest, costs, and such other relief deemed appropriate.

## **COUNT THREE - INDEMNIFICATION**

24. Porter Malouf realleges and incorporates the foregoing paragraphs as if fully set forth herein.

25.     Beasley Allen claims Porter Malouf breached the JV Agreement and suppressed certain material facts related to the parties' joint venture.

26.     Pursuant to the May 17, 2021 Purchase Agreement between Smith Law and Porter Malouf, Smith Law contractually assumed any obligations Porter Malouf owed under the JV Agreement, including but not limited to any obligation to reimburse Beasley Allen for expenses associated with the talcum powder litigation.

27.     Further, Smith Law agreed to indemnify, hold harmless, and defend Porter Malouf against "any and all liability, loss, damage, claims, cause of action, and expenses, including reasonable attorneys' fees arising out of (i) a breach of any of the representations and warranties made by Purchaser to Seller Parties in the Transaction Documents, (ii) a breach of any covenant or obligation of the Purchaser in the Transaction Documents, and (iii) any Assumed Liabilities."

28.     If Beasley Allen has suffered the claimed loss, injury, and/or damages, such loss, injury, and/or damages was caused by the Smith Defendants' failure to fulfill its obligations under the JV and Purchase Agreements.

29.     Porter Malouf has and will continue to incur damages and expenses, including attorney's fees and costs in defending and prosecuting the instant lawsuit.

30.     The Smith Defendants have a contractual duty to indemnify Porter Malouf for any such liability, damages, and expenses.

6

WHEREFORE, Porter Malouf demands judgment against the Smith Defendants for compensatory damages, plus attorney's fees, interest, costs, and such other relief deemed appropriate, including but not limited to specific performance.

## COUNT FOUR – SPECIFIC PERFORMANCE

31.    Porter Malouf realleges and incorporates the foregoing paragraphs as if fully set forth herein.

32.    The Purchase Agreement is a binding and valid contract.

33.    Smith Law contractually assumed any obligations Porter Malouf owed under the JV Agreement, including but not limited to any obligation to reimburse Beasley Allen for expenses associated with the talcum powder litigation.

34.    Smith Law also agreed to indemnify, hold harmless, and defend Porter Malouf against "any and all liability, loss, damage, claims, cause of action, and expenses, including reasonable attorneys' fees arising out of (i) a breach of any of the representations and warranties made by Purchaser to Seller Parties in the Transaction Documents, (ii) a breach of any covenant or obligation of the Purchaser in the Transaction Documents, and (iii) any Assumed Liabilities.

35.    Smith Law breached its obligations under the Purchase Agreement by, among other things, failing to fulfill its obligation to pay the Smith Firm/Porter Malouf share of the expenses associated with the talcum powder litigation and failing to disclose all talcum powder clients to Porter Malouf and Beasley Allen.

7

Smith Law has also failed to honor the indemnification provision of the Purchase Agreement.

36.    Porter Malouf is entitled to specific performance of the Purchase Agreement including the indemnification provision, any and all damages resulting from Smith Law's breach, and any attorneys' fees and costs incurred in enforcing the Purchase Agreement.

WHEREFORE, Porter Malouf demands judgment against the Smith Defendants for specific performance, plus attorney's fees and costs, or in the alternative, compensatory damages and such other relief deemed appropriate.

## JURY DEMAND

Porter Malouf hereby demands a trial by jury on all claims so triable excluding it's claim for specific performance.

Respectfully submitted,

/s/ Bruce F. Rogers
Bruce F. Rogers
Elizabeth N. Terenzi
*Attorneys for Porter Malouf, P.A.*

BAINBRIDGE MIMS ROGERS & SMITH, LLP
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
Telephone:  (205) 879-1100
Facsimile:  (205) 879-4300
Email:        brogers@bainbridgemims.com
                 bterenzi@bainbridgemims.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-file system, which will send notice of electronic filing to the following counsel of record:

James David Martin
Robert David Segall
COPELAND FRANCO SCREWS & GILL, PA
P.O. Box 347
Montgomery, Alabama 36101-0347
Telephone:  (334) 834-1180
Email:        martin@copelandfranco.com
                 segall@copelandfranco.com
*Attorneys for Plaintiff*

Joel D. Connally
Strength & Connally, LLC
7020 Fain Park Dr., Ste. 3
Montgomery, AL 36117
Telephone:  (334) 387-2121
Email:        jc@strengthconnally.com
*Attorney for The Smith Law Firm, PPLC and*
*Robert Allen Smith, Jr.*

/s/ Bruce F. Rogers
OF COUNSEL

9