**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA**

BEASLEY, ALLEN, CROW, METHVIN, )
PORTIS & MILES, P.C. )
 )
    Plaintiff, )
 )
V. ) Case No. 2:24-CV-00582
 )
THE SMITH LAW FIRM, PLLC, )
ROBERT ALLEN SMITH, JR., and )
PORTER MALOUF, P.A., )
 )
    Defendants. )

**MOTION TO COMPEL ARBITRATION WITH
LIMITED OPPOSITION**

With its Answer, Defendant Porter Malouf, P.A. ("Porter") filed a Cross Claim against the Smith Law Firm, PLLC, (the "Smith Firm") and Robert Allen Smith, Jr., ("Allen Smith), creating a dispute between these parties. The Smith Firm and Allen Smith (the "Smith Defendants") moved to compel arbitration of the Cross Claim, and Porter then filed its First Amended Cross Claim on February 6, 2025, to add a claim for specific performance against the Smith Firm. (Doc. 59). The Smith Defendants move the Court to enter an order compelling Counts One, Two and Three of the Amended Cross Claim to arbitration and maintaining jurisdiction over Count Four, the new claim for specific performance. In further support, the Smith Defendants state the following:

1.      Counsel for the Smith Defendants conferred with counsel for Porter and the Plaintiff prior to filing this motion.  This motion is uncontested by the Plaintiff.  Porter does not dispute the arbitrability of Counts One and Two or the Court retaining jurisdiction over Count Four, but there remains a dispute regarding Count Three which the parties are attempting to resolve.

## I.      THE ARBITRATION AGREEMENT

2.      Plaintiff Beasley, Allen is party to a Joint Venture Agreement with the Smith Firm and Porter that contemplated the parties' joint representation of clients in pursuing claims arising from injuries caused by use of products containing talcum powder.  (Doc. 59, p. 1, ¶¶5-6).  Plaintiff, Porter and Smith Firm all obtained certain rights and interests under the Joint Venture Agreement.  (*Id.*).

3.      The Smith Firm and Porter later entered into a Purchase Agreement (the "Purchase Agreement").  (Doc. 59, p. 2, ¶7). In the Purchase Agreement, Porter transferred all its rights under the Joint Venture Agreement to the Smith Firm, who agreed to assume certain liabilities of Porter and pay Porter for such rights.  (Doc. 59, pp. 2-3, ¶¶7-9; Ex. A). [1]

4.      The Purchase Agreement contains a comprehensive arbitration provision that states:

---

[1] A copy of the Purchase Agreement with limited redactions is filed of record as doc. 55.1 and is attached in support of this motion as Exhibit A.

9.12 Arbitration. Except for matters covered by Sections 5.03 (Non-Solicitation) and 9.13 (as it relates to specific performance), with respect to which a Party may elect to pursue any remedy available in law or in equity, including seeking injunctive or equitable relief, or seeking a restraining order, temporary injunction and/or permanent injunction (mandatory and/or inhibitory) to compel performance with this Agreement, in the event that any dispute (other than one that requires injunctive relief) between any of the Parties or claim by a Party against another Party arising out of or in relation to this Agreement or in relation to any alleged breach hereof cannot be resolved, such dispute or claim shall be finally determined by arbitration in accordance with the rules then in force of the American Arbitration Association. The arbitration proceedings shall take place exclusively in Madison County, Mississippi, or such other location as the Parties in dispute hereafter may agree upon in writing. There shall be one arbitrator, as shall be agreed upon by the Parties in dispute, who shall be an individual skilled in the legal and business aspects of the subject matter of this Agreement and of the dispute. In the absence of such agreement, each Party in dispute shall select one arbitrator and the arbitrators so selected shall select a third arbitrator. In the event the arbitrators cannot agree upon the selection of a third arbitrator, such third arbitrator shall be appointed by the American Arbitration Association at the request of any of the Parties in dispute. The arbitrators shall be individuals skilled in the legal and business aspects of the subject matter of this Agreement and of the dispute. The decision rendered by the arbitrator or arbitrators shall be accompanied by a written opinion in support thereof. The decision of the arbitrator or arbitrators shall be final and binding upon the Parties in dispute without right of appeal. Judgment upon any such decision may be entered into in any court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the decision and an order of enforcement. Costs of the arbitration shall be assessed by the arbitrator or arbitrators against any or all of the Parties in dispute, and shall be paid promptly by the Party or Parties so assessed. Notwithstanding the foregoing, to the extent that a Party seeks injunctive or equitable relief, such Party shall have the option to pursue such claim directly with a court of competent jurisdiction in lieu of submitting such claim to arbitration.

(Ex. A, pp. 21-22).

No other provision or term contained in the Purchase Agreement is relevant to whether there is an enforceable arbitration provision.

## II.    PORTER'S CLAIMS AGAINST THE SMITH FIRM ARE SUBJECT TO THE ARBITRATION AGREEMENT.

5.    Porter's claims against the Smith Firm all arise out of or relate to the Purchase Agreement, as referenced throughout the Cross Claim.  (Doc. 59, pp. 2-8). Count One is a claim for breach of contract based on allegations that the Purchase Agreement is a valid contract that the Smith Firm breached.  (Doc. 59, pp. 3-4, ¶¶13-17).  Count Two is a claim for fraudulent suppression in which Porter alleges that the Smith Defendants had a duty to disclose certain material facts to Porter "[a]s a result of their obligations under the JV Agreement and the Purchase Agreement[.]" (Doc. 59, p. 4, ¶19).  Count Three is a claim for indemnification based on specific provisions of the Purchase Agreement.  (Doc. 59, pp. 5-6, ¶¶24-30).  Porter alleges the Smith Defendants have a "contractual duty" under the Purchase Agreement to indemnify Porter.  (Doc., 59, p. 15, ¶30).

6.    Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy ... arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

7.     All claims made by Porter against the Smith Firm are based on the premise that the Purchase Agreement is a valid, enforceable contract.  (Doc. 59, pp. 3-7).  There is no dispute, then, regarding the threshold question of whether a written arbitration agreement exists between Porter and the Smith Firm.  One plainly does in the Purchase Agreement.  (Ex. A, pp. 21-22).  The FAA mandates the enforcement of the arbitration clause unless it is invalid "upon such grounds as exist at law or in equity for the revocation of any contract."  *Id*.  Such invalidity arguments are not at issue given Porter's claims against the Smith Firm, all of which clearly rely upon the enforceability of the parties Purchase Agreement.

8.     "[T]the last place where the parties intended this dispute to be adjudicated is in court before a jury."  *Ivax Corp. v. B. Braun of America, Inc.,* 286 F. 3d. 1309 (11th Cir. 2002) (compelling corporation's dispute with purchaser of subsidiary to arbitration based on purchase agreement's clear written agreement).  The same quote adequately describes the parties' clear intent to arbitrate this dispute when they signed the Purchase Agreement.  Counts One, Two and Three of the Amended Cross Claim must be compelled to arbitration under this Circuit's well-settled law.  *See Gregory v. Electro-Mechanical Corp., 83 F. 3d 382, 384 (11th Cir. 1996)* (holding that fraud and other tort claims were subject to an arbitration provision in a purchase agreement because the "structure of the complaint and the allegations of fact reflect that these claims all arose under the agreement."); *Harris*

*v. Palm Harbor Homes, Inc.*, 198 F. Supp. 2d 1303 (M.D. Ala. 2002) (compelling claims for breach of contract and warranty to arbitration).

### III.    PORTER'S CLAIMS AGAINST ALLEN SMITH ARE SUBJECT TO THE ARBITRATION AGREEMENT.

9.    Porter also makes a demand for damages against Allen Smith individually in Counts One, Two and Three.  Count One states no allegations against Allen Smith for breach of contract but includes him in the *ad damnum* clause.  (Doc. 59, pp. 3-4, ¶¶13-16).  Porter states general allegations against Allen Smith in Count Two that result from his alleged obligations under the Purchase Agreement and that entirely center upon claims of fraudulent suppression relating to the Purchase Agreement.  (Doc. 59, pp. 4-5, ¶¶18-23).   Porter makes one conclusory allegation that Allen Smith has "a contractual duty to indemnify Porter Malouf" in Count Three.  (Doc. 59, p. 6, ¶30).

10.    Allen Smith, as a non-signatory to the Purchase Agreement, may still enforce the arbitration provision in it for "claims that are so intimately founded in and intertwined with claims made … against a party that is a signatory to the contract.'"  *Redmon v. Society and Corp. of Lloyds*, 434 F. Supp. 2d 1211, 1224 (M.D. Ala. 2006) (citing *South Ala. Pigs, LLC v. Farmers Feeders, Inc.*, 305 F. Supp. 2d 1252, 1264 (M.D. Ala. 2004).  As here, when a plaintiff relies on the terms of a contract containing an arbitration agreement in its claims against a non-signatory, the plaintiff is estopped from repudiating an arbitration provision contained in that

contract. *MS Dealer Serv. Corp. v. Franklin*, 177 F. 3d 942, 947 (11th Cir. 1999) ("Application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract.). In this scenario, the Court must examine the scope of the arbitration provision and the relation between the subject contract and the claims. *South Ala. Pigs* at 1263-64.

11. The scope of the arbitration provision in the Purchase Agreement is sufficiently broad to apply to any claims made against Allen Smith. It applies to "*any* dispute" between "*any* of the Parties …. arising out of or in relation to this Agreement or in relation to *any* alleged breach." (Ex. A, p. 21). This is similar language to that found in cases where non-signatories were allowed to enforce an arbitration provision. *South Ala. Pigs*, 305 F. Supp. 1252, 1264; *Hammond v. Montgomery Children's Specialty Center, LLC,* 681 F. Supp. 3d 1234 (M.D. Ala. 2023) (compelling non-signatory minor's claims against nursing home facility to arbitration); *Ex parte Napier*, 723 So. 2d 49, 51 (Ala. 1998).

12. Porter's claims against Allen Smith are plainly founded and intertwined with its claims against the Smith Firm arising from the Purchase Agreement. Counts One and Three are straight contract claims where Porter includes Allen Smith in its demand for damages, making no real allegations against him to support the demand.

7

Count Two makes vague, general allegations of fraudulent suppression against Allen Smith resulting from his "obligations under the JV Agreement and Purchase Agreement[.]" (Doc. 59, p. 6, ¶28). Porter underpins even its fraud claim with the Purchase Agreement.

13. The Amended Cross Claim easily allows for Allen Smith, as a non-signatory, to invoke the arbitration provision. *See Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F. 3d 753, 757 (11th Cir. 1993) (establishing the intertwined-claims test and holding that the signatory's claims against the non-signatory were sufficiently intertwined to require arbitration). The fact that Allen Smith is the principal of the Smith Firm provides additional support for compelling arbitration under the intertwined-claims test. *See South Ala. Pigs*, 305 F. Supp. 1252, 1264 (holding that claims against a non-signatory officer of co-defendant company could invoke the arbitration provision in agreement between company and plaintiff).

## IV.    COUNT FOUR FOR SPECIFIC PERFORMANCE IS NOT SUBJECT TO THE ARBITRATION AGREEMENT.

14. Porter and the Smith Defendants agree that Count Four for specific performance is carved out from and not subject to their arbitration agreement. The parties agree that the Court should retain jurisdiction over Count Four.

## IV    CONCLUSION

15.    For the reasons set forth herein, the Smith Firm and Allen Smith respectfully request that this Court compel to arbitration all claims and relief sought by Porter Malouf, LLP in its Cross-Claim other than Count Four, including, but not limited to, Plaintiffs' claims for compensatory damages, indemnification, attorneys' fees and any other monetary relief.

s/  Joel D. Connally
Joel D. Connally
ASB-3751-Y72J
Attorney for the Smith Defendants
STRENGTH & CONNALLY, LLC
7020 Fain Park Dr., Ste. 3
Montgomery, AL  36117
T:  334-387-2121
Email:  jc@strengthconnally.com

s/ Gary Bufkin
Gary Bufkin
Admitted *pro hac vice*
Attorney for the Smith Defendants
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway
600 Concourse, Ste. 125
Ridgeland, Mississippi 39157
T: 601-982-5011
Email:  tgb@carrollbufkin.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February 2025, I served a copy of the

foregoing electronically to the following via the Court's ECF filing system:


Robert D. Segall
J. David Martin
COPELAND, FRANCO, SCREWS & GILL, P.A.
*Attorneys for Plaintiff*
Post Office Box 347
444 South Perry Street (36104)
Montgomery, Alabama 36101-0347
T: 334.834.1180 F: 334.834.3172
segall@copelandfranco.com
martin@copelandfranco.com

Bruce F. Rogers
Elizabeth N. Terenzi
BAINBRIDGE MIMS ROGERS & SMITH, LLP
*Attorneys for Defendant Porter Malouf, P.A.*
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
Telephone: (205) 879-1100
Facsimile: (205) 879-4300
brogers@bainbridgemims.com
bterenzi@bainbridgemims.co


/s/  Joel D. Connally
Joel D. Connally
ASB-3751-Y72J
Attorney for the Smith Defendants
STRENGTH & CONNALLY, LLC
7020 Fain Park Dr., Ste. 3
Montgomery, AL  36117
T:  334-387-2121
Email:  jc@strengthconnally.com

10