IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:24-cv-00582-RAH ) |
| THE SMITH LAW FIRM, PLLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

# ORDER

On January 30, 2025, Defendants The Smith Law Firm, PLLC and Robert Allen Smith, Jr. (collectively "Smith Defendants") filed a *Motion to Compel Arbitration* (doc. 50), which concerned Defendant Porter Malouf, P.A.'s ("Porter") Crossclaim *(see* doc. 46) against them. Then, on February 6, 2025, Defendant Porter filed an Amended Crossclaim which added a claim for specific performance. (Doc. 59.) The Amended Crossclaim is now the operative pleading as between Porter and the Smith Defendants.

On February 21, 2025, the Smith Defendants filed a motion to compel arbitration of the Amended Crossclaim. In their motion, the Smith Defendants state that Porter 1) does not dispute the arbitrability of Counts One and Two of the Amended Crossclaim, 2) does not dispute the Court retaining jurisdiction over Count Four, and 3) disputes the arbitrability of Count Three. (Doc. 62 at 2.)

Accordingly, it is **ORDERED** as follows:

1) The *Motion to Compel Arbitration* (doc. 50) filed on January 30, 2025,

     is **DENIED as moot**;

2) Defendant Porter shall file its response to the *Motion to Compel Arbitration with Limited Opposition* (doc. 62) filed on February 21, 2025, on or before **March 6, 2025**. In its response, Porter shall (a) confirm it has no objection to arbitrating Counts One and Two of the Amended Crossclaim, (b) address the arbitrability of Count Three, and (c) provide its position as to how the Court should manage Count Four for specific performance (e.g., stay that claim pending the outcome of the arbitration and/or Beasley Allen's claim, etc.); and

3) On or by **March 13, 2025**, the Smith Defendants shall file a reply to the response and address Porter's position regarding the arbitrability of Count Three and shall provide its position as to how the Court should manage Count Four (e.g., stay that claim pending the outcome of the arbitration and/or Beasley Allen's claim, etc.).

**DONE** and **ORDERED** on this the 21st day of February 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE