IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C., ) ) ) ) Plaintiff, ) ) v. ) ) THE SMITH LAW FIRM, PLLC, ) *et al.*, ) ) Defendants. ) | CASE NO. 2:24-cv-00582-RAH |

\* \* \* \* \* \* \*

| | |
|---|---|
| THE SMITH LAW FIRM, PLLC, ) ) Plaintiff, ) ) v. ) ) BEASLEY, ALLEN, CROW, ) METHVIN, PORTIS AND ) MILES, P.C., *et al.*, ) ) Defendants. ) | CASE NO. 2:25-cv-00183-RAH |

## **ORDER**

On April 8, 2025, the Court held a telephonic status conference to discuss whether the recent dismissal of the related bankruptcy action[1] ("Talc Bankruptcy") affects the complaint allegations and pending motions in this consolidated action. In light of the discussions during the conference, and for good cause, it is **ORDERED**

---

[1] *In Re: Red River Talc LLC*, No. 24-90505, 2025 WL 1029302 (Bankr. S.D. Tex. Mar. 31, 2025).

as follows:

1. If Plaintiff Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen") intends to seek leave to file an amended complaint due to the recent developments in the Talc Bankruptcy, Beasley Allen shall file its motion for leave, with the proposed amended complaint, on or by **May 9, 2025**.

2. Beasley Allen's deadline to respond to the pending *Motion to Dismiss* (doc. 75) is hereby held in abeyance pending Beasley Allen's decision on whether to file an amended complaint. If Beasley Allen elects not to file an amended complaint, the Court will issue a new order allowing Defendants Robert Allen Smith, Jr. and The Smith Law Firm, PLLC ("Smith Defendants") to supplement their pending *Motion to Dismiss* with any new arguments pertinent to the dismissal of the Talc Bankruptcy and will also set a new briefing schedule on the *Motion to Dismiss*, as supplemented. If Beasley Allen elects to file an amended complaint and if allowed by the Court, the Court will deny the *Motion to Dismiss* as moot and await the filing of the Smith Defendants' responsive pleading to the new amended complaint.

3. During the hearing, the Court stated its observation that Count Three of Porter Malouf, P.A.'s Amended Cross-Claim (doc. 59) may be duplicative of Counts One and Four and therefore may contain arbitrable and non-arbitrable claims given Count Three's simultaneous request for compensatory damages and specific performance. If Porter Malouf, P.A. intends to file an amended cross-claim to omit Count Three or clarify the nature of Count Three, Porter Malouf, P.A. shall seek leave to do so, with the proposed pleading, on or by **May 16, 2025**.

4. The Smith Defendants and Porter Malouf, P.A. shall make a good faith effort to reach an agreement concerning the Purchase Agreement's (doc. 55-1) indemnification requirement for purposes of avoiding court involvement on this issue as made the basis of the *Motion to Enforce Specific Performance* (doc. 65), including but not limited to the retention of defense counsel for Porter Malouf, P.A., the payment

of legal bills incurred by Porter Malouf, P.A.'s current defense counsel, and the preservation of the attorney-client, work product, and joint defense privileges.

5. In the interest of judicial efficiency, the parties shall consider whether to file amended pleadings in the lead case, Case No. 2:24-cv-00582-RAH, so that member case, Case No. 2:25-cv-00183-RAH, may be dismissed without prejudice.

6. The parties are reminded that their primary obligation is to their Talc clients and that they should not allow this litigation to negatively impact the interests of their clients in obtaining a successful outcome respective to their Talc claims.

**DONE** and **ORDERED** on this the 9th day of April 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE