IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:24-cv-00582-RAH |
| THE SMITH LAW FIRM, PLLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| THE SMITH LAW FIRM, PLLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:25-cv-00183-RAH |
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Cross-Claim Plaintiff Porter Malouf, P.A.'s ("Porter Malouf") *Renewed Motion to Enforce Specific Performance* (doc. 134).

The motion is ripe for review.[1] Having considered the parties' submissions, the motion (doc. 134) is due to be **GRANTED**.

## BACKGROUND

On January 23, 2014, Beasley, Allen, Crow, Methvin, Portis and Miles, P.C. ("Beasley Allen"), Porter Malouf, and the Smith Law Firm, PLLC ("Smith") entered into a joint venture agreement (JV Agreement) to pursue personal injury claims against Johnson & Johnson associated with J&J's talcum powder products.

On May 17, 2021, Smith and Porter Malouf "executed a Purchase Agreement, whereby [Smith] obtained all of Porter Malouf's rights, title, and interest in the 'Talc Litigation.'" (Doc. 65 at 2 (quoting Doc. 55-1).) Under Section 8.01 of the Purchase Agreement, Smith assumed all of Porter Malouf's obligations under the original JV Agreement, which included the obligation to reimburse Beasley Allen for ongoing case expenses and to perform all of Porter Malouf's workload obligations in the Talc Litigation against J&J. (Doc. 62-1 at 2.)

Smith further agreed to "indemnify, hold harmless, and defend Porter Malouf against 'any and all liability, loss, damage, claims, cause of action, and expenses, including reasonable attorneys' fees arising out of (i) a breach of any of the representations and warranties made by Purchaser to Seller Parties in the Transaction Documents, (ii) a breach of any covenant or obligation of the Purchaser in the Transaction Documents, and (iii) any Assumed Liabilities." (*Id*. at 19.) In other words, by virtue of the Purchase Agreement, Smith assumed Porter Malouf's expense reimbursement and workload obligations under the JV Agreement with Beasley Allen.

---

[1] Smith did not file a response to Porter Malouf's renewed motion although Smith did file a response (*see* doc. 71) to Porter Malouf's original *Motion to Enforce Specific Performance* (*see* doc. 65). Because the current motion is largely duplicative of the original motion, the Court will treat Smith's original response as Smith's response to the renewed motion also.

2

Under Section 9.13 of the Purchase Agreement, Smith also agreed that, if Smith breached any terms of the Purchase Agreement, Porter Malouf had the right to obtain specific performance of the Purchase Agreement including the payment of damages and attorneys' fees. (Doc. 62-1 at 22.)

On September 10, 2024, Beasley Allen filed suit against Smith and Porter Malouf, alleging in part that Smith and Porter Malouf had failed to pay their share of case expenses in the Talc Litigation, had failed to comply with their workload obligations, and had failed to transfer all talcum powder clients to Beasley Allen for case handling. (*See generally* Doc. 1.) Beasley Allen brought claims of Breach of Contract, Suppression, Misrepresentation, and Breach of Fiduciary Duty.

After Beasley Allen filed its Complaint, Porter Malouf filed cross-claims against Smith and Robert Allen Smith, Jr., for Breach of Contract, Fraudulent Suppression, and Specific Performance. (*See* docs. 46, 59, 99.) In its specific performance claim (Count Three), Porter Malouf claimed it was "entitled to specific performance of the Purchase Agreement including the indemnification provision, any and all damages resulting from Smith's breach, and any attorney's fees and costs incurred in enforcing the Purchase Agreement." Since that time, Smith has filed admitted in pleadings in this action that it is obligated to defend and indemnify Porter Malouf. (*See* doc. 71 at 1.) Yet, at present, Smith still has not done so. (*See* docs. 126-1 & 134 at 5.)

## DISCUSSION

On December 31, 2025, Porter Malouf filed its *Renewed Motion to Enforce Specific Performance*. (*See* doc. 134.) In its motion, Porter Malouf seeks enforcement of the indemnification provision, specifically an order "requiring Smith Law to specifically perform its obligations to indemnify, hold harmless and defend Porter Malouf, . . . from and against any liability, loss, damage, claim, cause of action and expenses, including reasonable attorneys' fees arising out of (i) a breach of any

3

representation and warranties made by the Smith Law Firm to Porter Malouf in the Transaction Documents, (ii) a breach of any covenant or obligation of the Smith Law Firm in the Transaction Documents, and (iii) any Assumed Liabilities." (Doc. 134 at 7.)

In their response, Smith states that the specific performance claim is moot because "[t]he Smith Firm previously agreed to specifically perform its defense and indemnity obligations." (Doc. 71.) Smith also suggests that the claim should be compelled to arbitration or alternatively that the Court should decline supplemental jurisdiction and require that the claim be pursued in Mississippi state court.

Smith's arguments will be addressed in reverse order. First, the Court rejects Smith's invitation to decline supplemental jurisdiction and dismiss the specific performance claim without prejudice so that it can be re-filed in Mississippi. While it is true that in some circumstances both comity and economy are best served when issues of state law are resolved by state courts, that exists in four limited circumstances under 28 U.S.C. § 1367(c): (1) the presence of "novel or complex issues of State law," (2) "the claim substantially predominates over the claim . . . over which the court has original jurisdiction," (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "other compelling reasons for declining jurisdiction." 28 U.S.C § 1367(c). None are persuasive here.

And here, the narrow issue at hand—specific performance—is neither a novel nor complex issue of state law, nor does it predominate over the claims between Beasley Allen and the Defendants, which remain in active litigation. Indeed, the specific performance claim is inextricably tied to Beasley Allen's claims against the Defendants and to the other cross-claims that are being arbitrated and over which the Court retains jurisdiction to confirm or enter an appropriate order once that proceeding runs its course. And finally, there is no other compelling reason to decline supplemental jurisdiction here, as it makes little sense to sever this narrow

and simple issue for refiling and resolution in a Mississippi state court. Therefore, this Court will not decline to exercise supplemental jurisdiction.

Smith's assertion that the specific performance claim is somehow subsumed, unnecessary, or moot because of the pending arbitration proceeding is equally without merit. First, Smith and Porter Malouf expressly agreed to carve-out from the scope of the arbitration agreement any claims between them for specific performance. And second, other than Smith's hollow statement that it has agreed to indemnify and defend Porter Malouf, Smith presents nothing that substantiates that position or evidences its compliance with that obligation. In Porter Malouf's cross-claims, Porter Malouf alleges that Smith has failed to indemnify and defend them, and they have provided evidence on that point in the form of $75,382.50 in legal fees incurred by Porter Malouf that Smith has yet to pay or reimburse.[2] (*See* doc. 126-1.) Simply put, Smith has not shown that specific performance is unnecessary or otherwise moot.

Finally, on the substantive merits of the claim, the Purchase Agreement clearly requires Smith to indemnify, hold harmless, and defend Porter Malouf from and against the current claims made by Beasley Allen against the Defendants. Under the JV Agreement, Smith and Porter Malouf were obligated to reimburse Beasley Allen for certain case expenses and to undertake certain efforts to prosecute the claims against J&J. Beasley Allen's lawsuit alleges that Smith and Porter Malouf have not performed these obligations, all of which fall within the scope of the indemnification and hold harmless provision.

On this point, Mississippi law is clear, "specific performance . . . [requires] that the contract must be specific and distinct in its terms, plain and definite in its meaning, and must show with certainty that the minds of the parties had met and

---

[2] The Court will revisit the mootness issue provided Smith makes an evidentiary showing that it has satisfied its obligations. At present, it has not.

mutually agreed as to all its details upon the offer made upon the one hand and accepted upon the other." *Frostad v. Kitchens*, 377 F.2d 475, 477 (5th Cir. 1967); *see also Everman v. Herndon*, 119 So. 2d 369, 374 (Miss. 1960). And the contract here is clear on the point. Indeed, Smith acknowledges it. As such, the indemnification provision is due to be enforced, at least as it concerns the current claims of Beasley Allen.[3]

## CONCLUSION

Porter Malouf has shown its entitlement to specific performance of Smith's indemnification, hold harmless, and defense obligations, specifically directed to Beasley Allen's Complaint, First Amended Complaint, and Second Amended Complaint. Accordingly, and for good cause, it is **ORDERED** as follows:

(1) Porter Malouf, P.A.'s *Renewed Motion to Enforce Specific Performance* (doc. 134) is **GRANTED**;

(2)   Defendant The Smith Law Firm, PLLC **SHALL** indemnify, hold harmless, and defend Porter Malouf, P.A. from and against the claims pleaded by Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. in the Complaint, First Amended Complaint, and Second Amended Complaint including reimbursement of Porter Malouf, P.A. for all fees and expenses already incurred by Porter Malouf, P.A. in defense of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.'s Complaint, First Amended Complaint, and Second Amended Complaint and those incurred in the future on account of those claims; and,

(3)   To the extent The Smith Law Firm, PLLC fails to comply within 30 days of this Order with its specific performance obligations tied to the legal fees and expenses of Porter Malouf, P.A., Porter Malouf, P.A. may seek apply to the Court

---

[3] As there could be future claims by Beasley Allen that would not be subject to the indemnification provision, the Court reserves ruling on that issue unless and until it is ripe.

for a judgment for those amounts due and owing and for any other relief deemed necessary.

**DONE** this the 2nd day of February 2026.

_____
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE