## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:24-CV-00582-JTA |
| THE SMITH LAW FIRM, PLLC, ROBERT ALLEN SMITH, JR., and PORTER MALOUF, P.A., | ) ) ) ) | |
| Defendants. | | |

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSIONS

Plaintiff Beasley, Allen, Crow, Methvin, Portis and Miles, P.C. ("Beasley Allen"), hereby moves the Court to compel Defendants the Smith Law Firm, PLLC and Robert Allen Smith, Jr. (collectively the "Smith Defendants") to respond to certain Interrogatories and Requests for Production under Rule 37(a)(3)(B) and to determine the sufficiency of the Smith Defendants answers to certain Requests for Admission under Rule 36(a)(6), and as grounds therefor, states as follows:

## I.    Factual Background

This case is a dispute among law firms who entered into a Joint Venture Agreement in 2014 to work together to prosecute product liability claims on behalf

of clients who were injured due to their use of Johnson & Johnson products containing talc. [Doc. 119 at ¶ 14]. The agreement between the parties required Beasley Allen to perform 50% of the work and the other two firms (Smith Law Firm and Porter Malouf) to perform the other 50%. [Id. at ¶ 16]. Expenses would be shared proportionally based on each firm's interest in any fees received, with Beasley Allen responsible for 50% and Smith Law Firm/Porter Malouf responsible for 50%. [Id. at ¶ 20]. The law firms agreed that all future and existing talc clients would be sent to Beasley Allen for intake, screening, signing and handling. [Id. at ¶ 15]. It was later agreed that Beasley Allen partner Andy Birchfield would handle all global settlement negotiations with Johnson & Johnson. [Id. at ¶ 14].

In 2021, the Smith Law Firm took on a significant amount of litigation funding debt secured by its interest in the Talc litigation and used some of those funds to buy Porter Malouf out of the joint venture, yet failed to disclose the buy-out to Beasley Allen until 2023. [Doc. 119 at ¶s 28 and 31]. As the talc litigation drug on, the Smith Law Firm fell into default on its immense litigation funding debt. [Id. at ¶ 35].

Beasley Allen alleges that the immense amount of litigation funding debt and the financial distress it caused motivated the Smith Defendants to hide talc clients from Beasley Allen (instead of sending them to Beasley Allen for signing and/or handling) and to ultimately actively undermine Beasley Allen's efforts to reach a

settlement with Johnson & Johnson by surreptitiously engaging Johnson & Johnson in separate settlement talks, ultimately agreeing to a settlement in bankruptcy on behalf of the clients of the Joint Venture on terms, certain ones of which Beasley Allen had previously rejected and which Beasley Allen contends were not in the best interest of the joint venture clients. [Doc. 119 at ¶s 33, 35, 47, and 49]. The Smith Defendants then wrote to the clients of the joint venture urging them to vote in favor of the settlement and changed thousands of their votes on two days negative notice. [Doc. 119 at ¶ 57]. The Smith Defendants did in fact change the votes of thousands of joint venture clients, using an alleged power of attorney to do so. [Id. at ¶ 58]. The Bankruptcy Court ultimately found the Smith Defendants had no such power of attorney and dismissed the bankruptcy. [Doc. 119 at ¶ 58 and 62].

This litigation ensued, with Beasley Allen asserting claims against Allen Smith (the founder and principal of the Smith Law Firm) and the Smith Law firm for breach of contract, breach of fiduciary duty, fraudulent suppression, and seeking declaratory relief. [Doc. 119].

## II.    Beasley Allen's Discovery Requests to the Smith Defendants and efforts to obtain responses.

Beasley Allen served its First Set of Interrogatories and Requests for Production to the Smith Defendants on January 2, 2025. The Smith Defendants provided a response on February 20, 2025. [Exhibit A]. Because many of the answers to the Requests for Production stated that responsive documents would be

provided, undersigned counsel wrote to counsel for the Smith Defendants on February 15, 2025, inquiring as to when that production would be made. [Exhibit B]. In addition, because many of the answers contained objections but then provided a response subject to those objections, undersigned counsel identified each of those answers and inquired as to whether any responsive information or documents were being withheld based on those objections. [Id.].

Beasley Allen served its First Set of Requests for Admission on November 3, 2025. The Smith Defendants provided a response on December 5, 2025. [Exhibit C].

On December 15, 2025, undersigned counsel and counsel for Smith had an extensive and detailed discussion regarding all the discovery responses in an effort by undersigned counsel to obtain responses and answers without Court intervention. Later that day, and to memorialize that discussion, undersigned counsel sent two letters to counsel for the Smith Defendants, one requesting supplemental responses to the Interrogatories and Requests for Production, and another requesting supplemental responses to the Request for Admissions. [Exhibits D and E].

With the exception of the production of email communications between the Smith Defendants and Beasley Allen (which were responsive to Request For Production No. 1), none of the documents the Smith Defendants agreed to produce

have been provided and no response has been received to the December 15, 2025, letters.

## III.    Specific Discovery Requests To Be Compelled

Beasley Allen requests that the Court compel the Smith Defendants to respond to the following specific discovery requests:

### A.    Interrogatories

Interrogatory #2:

Identify each expert You identified and/or worked up and prepared to testify in the Talc Litigation. For each expert you list in response to this Interrogatory, provide the name(s) of the cases in the Talc Litigation in which that expert testified, either by deposition or at trial, and state what You did in each case with respect to that expert.

**Smith Defendants' Response to Interrogatory 2:**

Defendants object to this Interrogatory because it is unduly burdensome and will cause Defendants unnecessary expense. Plaintiff and Defendants were co-counsel in the talc litigation for more than a decade, and, therefore, Plaintiff already has this information. Defendants also object because the Interrogatory is vague and overly broad. Plaintiff asks Defendants, collectively, to state, "what You did in each case with respect to [each] expert." Rule 33 allows discovery on a party, not a group of parties collectively. Fed. R. Civ. P. 33(a)(1). Moreover, Defendants represented thousands of talc claimants over many years. Nearly everything Defendants did on behalf of talc claimants relied upon, or was related in some way to, expert opinions.

**Reasons to Compel a Response**

One of the central issues in this case is whether or not the Smith Defendants breached the JV Agreement by failing to perform 50% of the work as required by

the JV Agreement.  [Doc. 119 at ¶ 69(b)].  This interrogatory seeks information on the extent the Smith Defendants contend they worked on the experts used in the cases involving clients of the Joint Venture.   While the interrogatory seeks information over an admittedly long period of time, such breadth is required because this case involves a Joint Venture that was entered in early 2014.  It is therefore not overly broad nor is it unduly burdensome because it is focused on a critical issue in the case – the amount of work each party to the joint venture contributed.  That work would include work on any of the cases of a joint venture client.

In response to the objections of the Smith Defendants, Beasley Allen agreed that in responding to that part of this Interrogatory asking the Smith Defendants to "state what You did in each case with respect to each expert", it would be sufficient to simply state whether the Smith Defendants prepared the witness for deposition or trial, covered the expert's deposition, or examined the expert at trial. [Exhibit C, at p. 1].  As modified, this interrogatory is sufficiently narrow that the Smith Defendants should be compelled to respond.

Interrogatory #5:

> Provide the name and address of each entity that provided any Third Party Funding to You and, for each such provider, identify the principal amount originally funded, the amount and date of each additional, or increase in, funding, the principal amount currently owed on such funding, and whether the payments on such funding are current.

<u>Interrogatory #6:</u>

> Have you ever been given notice that You are in default under any Agreement with any Person that has provided You with Third Party Funding? If yes, identify the Person, the date(s) you received notice or any other indication of default, the amount of money the Person indicated or claimed was in default; whether the default was cured, and if it was cured, when and how it was cured.

**Smith Defendants' Response to Interrogatory 5 and 6:**

> Defendants object to this Interrogatory because it seeks financial information that is irrelevant. In litigation with Johnson & Johnson, Plaintiff, as a member of the Coalition of Counsel for Justice for Talc Claimants ("Coalition"), repeatedly has objected to discovery of financial information, such as litigation funding and related communications, as irrelevant. The courts presiding over the talc multi-district litigation and related bankruptcy have agreed and found litigation financing information and related correspondence irrelevant. Defendants will be unduly burdened if they are required to incur the unnecessary expense of searching for and producing irrelevant financial information. Defendants also object because the Interrogatory is overbroad, as it is not limited in time or to the talc litigation.

## <u>Reasons to Compel a Response</u>

These interrogatories seek information relating to the Smith Defendants' litigation funding and the status of such funding.  The Smith Defendants object on relevancy grounds, arguing that the Courts in the underlying talc MDL and related bankruptcy cases have found litigation funding information irrelevant.  They also argue these interrogatories will impose on them an undue burden if they are forced to search for and produce this irrelevant information.

The issue is not whether the Smith Defendants' litigation funding was relevant in the Talc MDL or the related bankruptcy cases, where the claims at issue are

completely different and where the Smith Defendants are not parties.  Instead, the issue is whether the Smith Defendants' litigation funding is relevant in **this case** – i.e., does it "bear on any issue that is or may be in the case." *Akridge*, 1 F.4th at 1276.

The Second Amended Complaint demonstrates that the Smith Defendants' litigation funding bears on multiple issues in this case and directly on several of Beasley Allen's claims.  For example:

- Beasley Allen alleges that after defaulting on their litigation funding debt "[t]he financial crisis of the Smith Defendants grew to the point that they began actively and secretly undercutting Beasley Allen in global settlement negotiations with Johnson & Johnson in what appeared to be an effort to get a settlement that would alleviate their extreme financial problems, but which would not in Beasley Allen's opinion be in the best interest of the jointly represented clients." [Doc. 119 at ¶ 35].  This conduct constitutes a breach of fiduciary duty that the Smith Defendants owed Beasley Allen arising out of their JV Agreement.  [Id. at ¶ 85.a].

- Beasley Allen alleges that the Smith Defendants committed fraudulent suppression by failing to disclose that they "had fallen into such [significant] debt in connection with the Talcum Powder Litigation upon which they had defaulted that they were rapidly approaching the point where they could not

8

pay off the debt so that for their own person interest they needed a quick settlement…." [Id. at ¶78].

- Beasley Allen alleges that in breach of their fiduciary duty, when the Smith Defendants wrote to clients of the joint venture to recommend they agree to the settlement they negotiated behind Beasley Allen's back, they failed to disclose to the clients or to Beasley Allen that they were in default on a significant amount of litigation funding debt and without disclosing that the settlement specifically prevented Johnson & Johnson from further seeking discovery on their litigation funding debt. [Id. at ¶ 57 and 85.d.].

- Beasley Allen alleges that the Smith Defendants committed fraudulent suppression by failing to disclose that they had bought out Porter Malouf's interest in the JV Agreement "by increasing their debt to a litigation funding entity, thus reducing Beasley Allen's chances that its joint venturers would or could comply with the JV Agreement…." [Id. at ¶ 78].

In denying the Smith Defendants' prior efforts to block Beasley Allen from obtaining litigation funding information directly from its lenders, Magistrate Judge Adams rejected similar objections, recognizing that the irrelevance of such financial information in the MDL litigation with Johnson & Johnson does not make it irrelevant in this case. [Doc. 92 at p. 6]. Judge Adams also found that the litigation funding information of the Smith Defendants is relevant to this case as it bears on

9

Plaintiff's claims for breach of fiduciary duty and fraudulent suppression. [Id. at p. 5-6].

In addition to relevancy, the Smith Defendants also object on the basis that these interrogatories were overly broad because they were not limited in time or to the talc litigation. In response, Beasley Allen agreed to limit these interrogatories to any third-party funding obtained since February 1, 2021, which is in any way related to or secured by the Talc Litigation. [Exhibit D, p. 1]. This properly limits the interrogatory to the period of time in which the Smith Defendants obtained the litigation funding secured by the Talc Litigation which Beasley Allen contends placed it in financial distress.

Interrogatory #7:

> If you contend that Beasley Allen owes You for any expenses You incurred under the JV Agreement, itemize all amounts You claim are owed by identifying to whom the expenses were paid, when the expenses were paid, and for what purpose the expenses were incurred.

**Response to Interrogatory 7:**

Defendants will supplement with this information.

## **Reasons to Compel a Response**

The Smith Defendants have never provided this information and should be compelled to do so.

**B.    Requests for Production**

On Requests for Production 24, 27, and 37, the Smith Defendants responded by stating "Defendants will produce responsive documents on a rolling basis as they are identified."  No documents have to date been produced in response to these Requests and Beasley Allen requests an Order compelling such production.

On Requests for Production 2, 3, 4, 6, 10-13, 23, 32, 36, 38-40, and 47, the Smith Defendants responded by stating various objections, but then ended each response as follows: "Without waiving their objections, Defendants will produce responsive documents on a rolling basis as identified."  To date, no responsive documents have been provided, and Beasley Allen requests an Order compelling the promised production.  In addition, because the responses to these Requests included objections and specifically maintained those objections, undersigned counsel inquired as to whether any responsive documents were being withheld based on the stated objections. [Exhibit B].  No response was received.  Beasley Allen requests that the Court order the Smith Defendants to produce the requested documents and disclose whether any documents responsive to these requests are being withheld on the basis of any specific objection so that, if necessary, Beasley Allen may seek appropriate relief.

<u>Request for Production # 5:</u>

A copy of any Agreements other than the JV Agreement between You and Porter Malouf relating to the Talc Litigation or the Bankruptcy Proceedings,

11

including without limitation any Agreements between You and Porter Malouf to buy-out Porter Malouf's interest in the JV Agreement.

**Smith Defendants Response to RFP 5:**

Defendants have previously produced a copy of the purchase agreement, with limited redaction of the purchase price and certain information regarding its allocation. Defendant objects to producing an unredacted version of the purchase agreement because the purchase price and its allocation are facts that are irrelevant to the claims and defenses in this action.

## <u>Reasons to Compel a Response</u>

While the Smith Defendants have produced a redacted version of the agreement to buy out Porter Malouf's interest in the Joint Venture, this request would, for example, also cover any agreement between the Smith Defendants and Porter Malouf regarding their joint prosecution of talc cases that pre-dated the Joint Venture Agreement. After discussing this with counsel for the Smith Defendants during the discovery call on December 15, 2025, counsel for the Smith Defendants agreed to inquire whether there are any additional agreements with Porter Malouf relating to the Talc Litigation or the Bankruptcy Proceedings.

No further response has been received from the Smith Defendants, and Beasley Allen requests an Order compelling the Smith Defendants to provide any agreements between the Smith Defendants and Porter Malouf relating to the Talc Litigation or the Bankruptcy Proceedings other than the purchase agreement.

Request for Production 9:

> All Correspondence and Communication with, and Documents exchanged between, You and Richard Golomb or Golomb Legal regarding the Talc Litigation, or the Bankruptcy Proceedings, including without limitation the 483 talc claimants discussed in Paragraph 31 of the Smith Declaration.

**Smith Defendants' Response to RFP 9:**

> Defendants object to the Request because it seeks irrelevant information. The talc claimants referenced in this Request have not settled their claims. Therefore, Plaintiff's claim that it has been denied attorney fees from these claimants is premature and the discovery sought irrelevant. Defendants will be unduly burdened with unnecessary expense if they are required to search for and produce irrelevant documents.

## **Reasons to Compel a Response**

The documents requested in this response are relevant to Beasley Allen's claim that the Smith Defendants breached the Joint Venture Agreement and their fiduciary duty by not sending talc clients to Beasley Allen for intake, signing and handling. [Doc. 119 at ¶s 69(c) and 85.f.]. Under the Joint Venture Agreement between the parties, the Smith Defendants agreed that they would be sending all future and existing talcum powder clients to Beasley Allen for in-take, signing up and handling. [Exhibit 119 at ¶ 15]. Beasley Allen alleges in its Second Amended Complaint that the Smith Defendants breached this agreement by signing up talcum powder clients themselves instead of sending them to Beasley Allen for signing and handling. [Id. at ¶69(c)]. By hiding these clients from Beasley Allen, the Smith Defendants also breached their fiduciary duty to Beasley Allen and committed fraud.

[Id. at ¶s 78 and 85.f.]. These "hidden clients" are not theoretical. During the most recent Johnson & Johnson Bankruptcy, Defendant Allen Smith filed a declaration admitting that he represents 574 talc clients outside of the Joint Venture. [Exhibit F at ¶ 30-32]. Smith is alleged to have tried to hide these clients from its joint venture partner by having attorney Richard Golomb file the cases on behalf of the Smith Defendants as local counsel. [Id.]. Documents and correspondence exchanged between the Smith Defendants and Richard Golomb and his law firm are therefore relevant to Beasley Allen's claims regarding the talc cases that the Smith Defendants attempted to hide from it.

Request for Production 14:

> All Correspondence and Communications between You and Beasley Allen since January 1, 2020, regarding any request by You for money or financial assistance.

Request for Production 15:

> All Correspondence and Communication between You and Beasley Allen relating to any Funding and/or Third Party Funding You received related to the Litigation.

Request for Production 16:

> All Documents, Correspondence, or Communications that reflect or relate to any Funding and/or Third-Party Funding You have received in any way related to the Litigation.

Request for Production 17:

> All Agreements You have entered into with any Person to provide You with Funding or Third Party Funding in any way related to the Litigation.

14

Request for Production 18:

All Documents, Correspondence, Communications, or Agreements that concern how much money You have received in Funding or Third-Party Funding in any way related to the Litigation.

Request for Production 19:

All Documents, Correspondence, Communications, or Agreements that concern the conveyance, sale, syndication, factoring or other transfer of Funding or Third-Party Funding You have received.

Request for Production 20:

All Documents reflecting what You did with the Funding or Third Party Funding You have received.

Request for Production 21:

All Correspondence and Communications You have had with Fortress, Ellington, or other entities that provide or provided Funding or Third Party Funding to You, including lawyers acting on their behalf, related to the Proposed Plan of Reorganization, the Smith MOU, or the solicitation of talc claimants regarding same.

Request for Production 22:

All Correspondence and Communications You have had with Fortress or Ellington or any other entities that provide or provided Funding or Third Party Funding to You, related to settlement offers made to You by Johnson & Johnson or Red River Talc, LLC in connection with the Litigation.

Request for Production 41:

A copy of Correspondence and Communication between You and Porter Malouf regarding Your Third Party Funding.

**Smith Defendants' Responses to each of these RFPs:**

Defendants object to this Request because it seeks financial information that is irrelevant. In litigation with Johnson & Johnson, Plaintiff, as a member of the Coalition of Counsel for Justice for Talc Claimants ("Coalition"), repeatedly has objected to discovery of financial information such as litigation funding agreements and related communications. The courts presiding over talc multi-district litigation and the related bankruptcy have agreed and found litigation financing agreements and related correspondence irrelevant. Defendants will be unduly burdened if they are required to incur the unnecessary expense of searching for and producing irrelevant financial information.

## Reasons to Compel Production

These Requests for Production all deal with the third party litigation funding that the Smith Defendants have obtained and the resulting financial distress their default under such funding has caused. As discussed above in connection with Interrogatory No. 6, Judge Adams has already found that the Smith Defendants' litigation funding is relevant to Beasley Allen's breach of fiduciary duty and fraudulent suppression claims. The fact that other courts in different contexts found this information to be irrelevant has no bearing on whether the Smith Defendants' litigation funding is relevant here. Beasley Allen requests an Order compelling the Smith Defendants to respond to these Requests.[1]

---

[1] On Request No. 41, Beasley Allen agreed to limit the scope of the request to communications and correspondence from February 1, 2021, to the present. Exhibit D, p. 2

Request for Production 25:

A copy of all drafts of Your September 11, 2024, letter to clients of the joint venture.

**Smith Defendants' Response to RFP 25:**

Defendants object because the Request seeks attorney work product. Defendants further object because the information sought pertains to settlement discussions during mediation between or among parties with common interests.

Request for Production 28:

A copy of all Correspondence and Communication between You and James Murdica from January 1, 2020, to the present.

Request for Production 29:

A copy of all Correspondence and Communication between You and Fouad Kurdi from January 1, 2020, to the present.

**Smith Defendants Response to RFP 28 and 29:**

Defendants object because the Request seeks information concerning settlement discussions that occurred during mediation between or among parties with common interests. Defendants further object because the information sought is irrelevant to whether the settlement proposal is in the best interests of the joint venture clients, which will be decided by the bankruptcy court. Defendants also object because the Request is unduly burdensome. Defendants will incur unnecessary expense if required to search for and produce irrelevant documents.

## Reasons to Compel a Response

The relevance of this Request is not strictly, as the Smith Defendants speculate, to determine whether the settlement proposal the Smith Defendants surreptitiously obtained from Johnson & Johnson was in the best interest of the

17

clients of the Joint Venture.  Beasley Allen alleges in this case that its partner, Andy Birchfield, was the representative of the Joint Venture who was to handle all global settlement negotiations with Johnson & Johnson.  [Doc. 119 at ¶ 14].  Beasley Allen further alleges that due at least in part to the severe financial distress of the Smith Defendants caused by their default on their litigation funding debt, the Smith Defendants surreptitiously engaged in global settlement negotiations with Johnson & Johnson.  [Id. at ¶s 46 and 47].  Communication with James Murdica would be relevant to these allegations as he serves as settlement counsel for Johnson & Johnson in the Talc Litigation. Communication with Fouad Kurdi would be relevant to these allegations as he serves as the mediator for the Talc Litigation.  This Request thus seeks the production of documents directly relevant to allegations in this case.

The Smith Defendants again object to these Requests on the basis that the Request seeks the disclosure of information that "pertains to settlement discussions during mediation between or among parties with common interests." The mediation would have been between the clients of the joint venture - who were plaintiffs in the Talc Litigation - and Johnson & Johnson, the defendant in the Talc litigation.  There is no common interest among the opposing parties, and Beasley Allen requests an Order compelling the Smith Defendants to respond to these Requests.[2]

---

[2] Because the Parties have used Mr. Kurdi as a mediator in this case, Beasley Allen revised Request #29 to specifically exclude any communication with Mr. Kurdi which pertain to this lawsuit.  [Exhibit D].

Request for Production 34:

> A copy of all Documents, Correspondence, and Communications which You contend disclosed to Beasley Allen that You bought out Porter Malouf's interest in the JV Agreement.

**Smith Defendants Response to RFP 34:**

> Defendants object to this Request because it seeks financial information that is irrelevant. In litigation with Johnson & Johnson, Plaintiff, as a member of the Coalition of Counsel for Justice for Talc Claimants ("Coalition"), repeatedly has objected to discovery of financial information such as litigation funding agreements and related communications. The courts presiding over talc multi-district litigation and the related bankruptcy have agreed and found litigation financing agreements and related correspondence irrelevant. Defendants will be unduly burdened if they are required to incur the unnecessary expense of searching for and producing irrelevant financial information.

## **Reasons to Compel a Response**

One of Beasley Allen's claims in this case is that the Smith Defendants committed fraudulent suppression and breached their fiduciary duty to Beasley Allen by failing to disclose that it had bought out Porter Malouf's interest in the Joint Venture. [Doc. 119 at ¶s 78 and 85.g.]. This request merely seeks the production of any document or communication that the Smith Defendants contend disclosed to Beasley Allen this fact. Therefore, this Request seeks relevant information and a response should be compelled.

Request for Production 42:

> A copy of every outstanding promissory note You currently owe regardless of whether the loan evidenced by the note is related to Third Party Funding.

**Smith Defendants Response to RFP 42:**

> Defendants object to this Request because it seeks financial information that is irrelevant. In litigation with Johnson & Johnson, Plaintiff, as a member of the Coalition of Counsel for Justice for Talc Claimants ("Coalition"), repeatedly has objected to discovery of financial information such as litigation funding agreements and related communications. The courts presiding over talc multi-district litigation and the related bankruptcy have agreed and found litigation financing agreements and related correspondence irrelevant. Defendants will be unduly burdened if they are required to incur the unnecessary expense of searching for and producing irrelevant financial information.

## Reasons to Compel a Response:

Again, as Judge Adams has previously recognized, the irrelevance of such financial information in the MDL litigation with Johnson & Johnson does not make it irrelevant in this case.  [Doc. 92 at p. 6].  In response to the Smith Defendants' objections, Beasley Allen agreed to narrow the scope of this Request to a copy of every outstanding promissory note owed by the Smith Defendants where the lender contends they are in default or have been in default.  [Exhibit D].  The response, as narrowed, is relevant to Beasley Allen's allegations that much of the wrongful conduct of the Smith Defendants is due to the severe financial distress they were under as a result of their default on their litigation funding debt.  The narrowed request simply seeks to discover the extent of the Smith Defendants' defaulted debt and, therefore, an order compelling a response is appropriate.

Request for Production 43:

> Your financial statements from January 1, 2022 to the present, including without limitation balance sheets and profit and loss statements, and those provided by You to any financial institution or lender.

**Smith Defendants Response to RFP 43:**

> Defendants object to this Request because it seeks financial information that is irrelevant. In litigation with Johnson & Johnson, Plaintiff, as a member of the Coalition of Counsel for Justice for Talc Claimants ("Coalition"), repeatedly has objected to discovery of financial information such as litigation funding agreements and related communications. The courts presiding over talc multi-district litigation and the related bankruptcy have agreed and found litigation financing agreements and related correspondence irrelevant. Defendants will be unduly burdened if they are required to incur the unnecessary expense of searching for and producing irrelevant financial information.

## **Reasons to Compel a Response**

The financial statements of the Smith Defendants beginning in January 1, 2022, are relevant to Beasley Allen's allegations that the Smith Defendants wrongful actions in this case were motivated at least in part by their financial distress. The requested financial statements are probative to the financial conditions of the Smith Defendants and the date range is limited to the time period after the Smith Law Firm obtained its litigation funding loans. Production of these relevant documents should be compelled.

Request for Production 44:

> Every audio or video recording of Beasley Allen, including, without limitation, all those relating to the Litigation, the JV Agreement, or the performance of the parties under the JV Agreement.

**Smith Defendants Response to RFP 44:**

Defendants object because the Request is overbroad and irrelevant both to the claims and whether the settlement proposal is in the best interests of the joint venture clients. Defendants also object because the JV Agreement has not yet been found ambiguous as a matter of law, and, therefore, course of performance under the JV Agreement is irrelevant. Defendants will be unduly burdened if they are required to search for and produce irrelevant information.

## **Reasons to Compel a Response**

In response to the objections of the Smith Defendants, Beasley Allen agreed to limit the scope of the request just to audio or video recordings of Beasley Allen relating to the [Talc] Litigation, the JV Agreement, or the performance of the parties under the Agreement. [Exhibit D, p. 3]. The Talc Litigation, the JV Agreement, and the performance of the parties under the Agreement are central issues in this lawsuit and, therefore, this modified Request seeks the production of relevant documents.

Request for Production 45:

A copy of all Correspondence, Communications, and Documents exchanged between You, Johnson & Johnson, Red River Talc, LLC, or any J&J- Related Entities relating to settlement of the Litigation.

**Smith Defendants Response to RFP 45:**

Defendants object because the Request seeks information concerning settlement discussions that occurred during mediation between or among parties with common interests. Defendants further object because the Request seeks information irrelevant to whether the settlement proposal is in the best interests of the joint venture clients. Defendants also object because the Request is overbroad in that it seeks documents "relating to settlement," which potentially includes all documents in the litigation leading up to or during mediation that caused or contributed to settlement discussions. Defendants also object because the Request is unduly burdensome.

Defendants will incur unnecessary expense if they are required to search for and produce irrelevant documents.

Request for Production 48:

All Correspondence and Communication between You and any employee, agent, or attorney for Johnson & Johnson, Red River Talc, LLC, and J&J-Related Entity regarding Paragraph K.2) of the Smith MOU.

**Smith Defendants Response to RFP 48:**

Defendants object because this Request seeks information concerning settlement discussions that occurred during mediation between or among parties with common interests. Defendants further object because the information sought is irrelevant to whether the settlement proposal is in the best interests of the joint venture clients. Defendants also object because the Request is unduly burdensome. Defendants will incur unnecessary expense if they are required to search for and produce irrelevant documents.

**<u>Reasons to Compel a Response to RFP 45 and 48</u>**

These two requests seek the production of documents related to the Smith Defendants' efforts to undercut Beasley Allen in negotiating a settlement and, specifically, about one paragraph in the settlement agreement negotiated by the Smith Defendants, paragraph K.2, which expressly provided that Johnson & Johnson agreed to cease its pursuit of discovery regarding litigation financing, as it relates to Allen Smith, the Smith Law Firm PLLC, and its Claimants.

The documents requested in Request No. 45 will reveal the timing and extent of the Smith Defendants' efforts to negotiate directly with the adverse parties in the Talc Litigation and the bankruptcy. Such documents are relevant to Beasley Allen's allegations that the Smith Defendants breached the JV Agreement by engaging in

23

such settlement negotiations when they had agreed that Andy Birchfield with Beasley Allen was in charge of global settlement negotiations. As for the Smith Defendants' objections that Request No. 45 is overly broad, the Request is limited to communications and documents exchanged between the Smith Defendants and the adverse parties in the Talc Litigation and bankruptcy. Beasley Allen will agree to further limit the scope to exchanged correspondence and documents regarding settlement of the Talc Litigation.

Request No. 48 is relevant and narrowly focused on just one subparagraph of the settlement agreement the Smith Defendants negotiated with Johnson & Johnson. That subparagraph is particularly relevant to this case because it involves the Smith Defendants' litigation funding debt and prevents Johnson & Johnson from further pursuing discovery of that debt. Documents and communications exchanged by the Smith Defendants with Johnson & Johnson and the other related entities regarding this subparagraph is relevant because it shows that the Smith Defendants in settlement negotiations is focused not entirely on the interest of the clients but also on their own personal interest. What, for example, might the Smith Defendants have given up – or agreed to – to obtain this provision in the Smith MOU is relevant to the allegations in this lawsuit.

The Smith Defendants objection relating to mediation is not well taken for the reasons previously discussed. Beasley Allen requests an Order compelling a response to these Requests.

### C.    Requests For Admissions

Beasley Allen requests an Order pursuant to Rule 36(a)(6) to determine the sufficiency of certain answers and objections raised by the Smith Defendants in response to Requests for Admissions served on them by Beasley Allen.

Request for Admission 11:

> Admit that neither Allen Smith nor Smith Law have any writing that shows they disclosed to Beasley Allen, prior to 2023, that Smith Law purchased Porter & Malouf's interest in the JV Agreement.

**Smith Defendants Response to RFA 11:**

> Smith Defendants object because the Request is vague, requires speculation, and misstates Smith Law's obligations under the JV Agreement.

### **Reasons to determine the objections are not well taken**

This Request does not ask the Smith Defendants to admit they had an obligation under the JV Agreement to disclose to Beasley Allen the fact that Smith Law bought out the other party to the JV Agreement.  Instead, this Request simply asks the Smith Defendants to admit they in fact do not have any writing disclosing to Beasley Allen the buyout of Porter Malouf's interest in the Joint Venture.  There is nothing vague about this Request nor does it require the Smith Defendants to

25

speculate. They either have a writing disclosing the buy-out to Beasley Allen prior to 2023 or they do not.

The Smith Defendants' objections are not well taken and they should be required to answer this Request.

Request for Admission 17:

> Admit that Smith Law did not transfer the talc clients covered by its agreement with Shenaq PC to Beasley Allen for signing and/or handling.

Request for Admissions 20, 23, 26, 29, and 32 ask the same question but substitutes a different third-party law firm for Shenaq, PC.

Request for Admissions 34:

> Admit that Smith Law is counsel for at least five hundred clients with talc claims who were not transferred to Beasley Allen for signing and/or handling.

**Smith Defendants Responses to these RFAs:**

> Smith Defendants object because the Request is vague, requires speculation, and misstates Smith Law's obligations under the JV Agreement.

### **Reasons to determine the objections are not well taken**

These Requests do not seek an admission that the Smith Defendants owe a legal obligation under the JV Agreement to transfer to Beasley Allen talc clients covered by referral agreements they reached with other law firms. Instead, they simply ask the Smith Defendants to admit the fact that they did not transfer to Beasley Allen for signing and handling talc clients covered by referral agreements they reached with third party law firms. Request 34 simply asks the Smith Defendants to admit the fact that they are counsel for at least five hundred talc

claimants who were not transferred to Beasley Allen for signing or handling. There is nothing vague about these Requests nor do they require the Smith Defendants to speculate. They either transferred these clients to Beasley Allen or they did not. The Court should determine these objections are not well taken and should require the Smith Defendants to answer these Requests.

<u>Request for Admission 18:</u>

> Admit that Smith Law did not disclose to Beasley Allen its agreement with Shenaq PC to jointly represent talc claimants prior to the Fall of 2023.

<u>Request for Admissions 21, 24, 27, 30, and 33</u> ask the same question but substitutes a different third party law firm for Shenaq, PC.

**Smith Defendants Responses to these RFAs:**

> Smith Defendants object because the Request is vague, requires speculation, and misstates Smith Law's obligations under the JV Agreement.

### **<u>Reasons to determine the objections are not well taken</u>**

These Requests do not seek an admission that the Smith Defendants owe a legal obligation under the JV Agreement to disclose to Beasley Allen the fact it had entered into talc referral agreements with other law firms. Instead, they simply ask the Smith Defendants to admit they in fact did not disclose these referral agreements to Beasley Allen prior to the Fall of 2023. There is nothing vague about these Requests nor do they require the Smith Defendants to speculate. They either disclosed these referral agreements to Beasley Allen or they did not. The Court

should determine these objections are not well taken and should require the Smith Defendants to answer these Requests.

Request for Admission 41:

Admit that neither Allen Smith nor Smith Law ever disclosed to the Joint Venture clients the amount of Smith Law's indebtedness under the Loan Facilities.

Request for Admission 42:

Admit that neither Allen Smith nor Smith Law ever disclosed to the clients of the Joint Venture that Smith Law is in default of its obligations under the Loan Facilities.

**Smith Defendants Responses to these RFAs:**

Smith Defendants object because the Request is vague, requires speculation, and assumes duties that Smith Defendants do not have.

## **Reasons to determine the objections are not well taken**

This Request does not ask the Smith Defendants to admit that they had a duty to disclose to the Joint Venture clients the immense amount of Smith Law's litigation funding debt or the fact that Smith Law was in default of that debt. This Request simply asks them to admit that such disclosures did not occur. There is nothing vague about this Request nor does it require the Smith Defendants to speculate. They either disclosed these facts to the Joint Venture clients or they did not. These objections should be overruled and the Smith Defendants should be required to answer these Requests.

Request for Admission 59:

>Admit that on September 16, 2024, when Smith Law cast a Master Ballot on behalf of thousands of Joint Venture clients in the Red River Bankruptcy, it had in its possession no written power of attorney from a majority of those clients to vote for them.

**Smith Defendants Response to RFA 59:**

>Smith Defendants object because the Request is vague, requires speculation, and requires a legal conclusion.

## **Reasons to determine the objections are not well taken**

In response to the objections, Beasley Allen agreed to refine this Request: Admit that on September 16, 2024, when Smith Law cast a Master Ballot on behalf of thousands of Joint Venture clients in the Red River Bankruptcy certifying that it had authority under power of attorney to vote to accept the plan on behalf of the client, the power of attorney it was relying on was found in the client's engagement letter.  [Exhibit D, p. 2].

The revised Request is specific and does not require the Smith Defendants to speculate at all.  The Smith Defendants voted on behalf of thousands of clients of the joint venture in favor of a revised bankruptcy plan in the Red River Bankruptcy and in so doing, certified that the votes were being submitted based on power of attorney.  [Exhibit F at ¶s 29-30].  This Request simply asks the Smith Defendants to admit what power of attorney they allegedly were relying on when they submitted those votes.

**<u>Conclusion</u>**

For the reasons set forth herein, Beasley Allen requests an Order compelling the Smith Defendants to respond to these Interrogatories, Requests for Production, and Requests for Admission.

Submitted this 10th day of March, 2026.

s/ J. David Martin
Robert D. Segall (ASB-7354-E68R)
J. David Martin (ASB-7387-A54J)
COPELAND, FRANCO, SCREWS & GILL, P.A.
        Post Office Box 347
444 South Perry Street (36104)
Montgomery, Alabama 36101-0347
T: 334.834.1180   F:  334.834.3172
Email: segall@copelandfranco.com
Email: martin@copelandfranco.com
***Counsel for Plaintiff, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy of same will be electronically served upon all counsel of record, as follows:

Joel D. Connally
STRENGTH & CONNALLY, LLC
7020 Fain Park Dr., Ste. 3
Montgomery, AL 36117
T:  334/387-2121
Email: jc@strengthconnally.com

Thomas G. Bufkin
Carroll Bufkin, PLLC
1076 Highland Colony Parkway
600 Concourse, Ste. 125
Ridgeland, Mississippi 39157
T: 601/982-5011
tgb@carrollbufkin.com

***Counsel for The Smith Law Firm, PLLC and Robert Allen Smith, Jr.***

Bruce F. Rogers
Elizabeth N. Terenzi
Mollie L. Bradford
BAINBRIDGE MIMS ROGERS & SMITH, LLP
600 Luckie Dr., Ste. 415
Birmingham, AL 35223
T:  205/879-1100   F:  205/879-4300
Email:  brogers@bainbridgemims.com
Email:  bterenzi@bainbridgemims.com
Email:  mbradford@bainbridgemims.com
***Counsel for Porter Malouf, P.A.***

s/ J. David Martin
Of Counsel