IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS and MILES, P.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CASE NO. 2:24-cv-582-RAH-JTA |
| | ) | |
| THE SMITH LAW FIRM, PLLC, et al., | ) ) | |
| Defendants. | ) ) | |
| | | |
| THE SMITH LAW FIRM, PLLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CASE NO. 2:25-cv-183-RAH-JTA |
| | ) | |
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS and MILES, P.C., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff Beasley, Allen, Crow, Methvin, Portis, and Miles, P.C.'s

Motion to Compel Responses to Interrogatories and Requests for Production and to

Determine the Sufficiency of Answers to Requests for Admission. (Doc. No. 138.)

Rule 37(a) of the Federal Rules of Civil Procedure provides as follows:

On notice to other parties and all affected persons, a party may move for an
order compelling disclosure or discovery. The motion must include a

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Plaintiff failed to include such a certification in the motion or to clearly explain that it provided advance notice to Defendant of its intent to file a motion to compel.[1] For these reasons, the motion to compel is due to be denied. *Samadi v. Bank of Am., N.A.*, 476 F. App'x 819, 821 (11th Cir. 2012) (affirming the denial of a motion to compel on grounds that the movant failed to certify he had conferred in good faith with the opposing party's counsel as required by Rule 37(a)(1) and failed to comply with local discovery rules); *Walker v. Dorriety*, No. 1:20-cv-1007-ECM-SMD, 2022 WL 20209780, at *1 (M.D. Ala. Apr. 4, 2022) ("A motion to compel that does not contain a certification that the movant has attempted to confer in good faith may be summarily dismissed." (collecting cases)).

In addition, the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* require "the parties communicate either by telephone or at a face[-]to[-]face meeting (i.e. – in person, by Skype, video conference or the like) regarding discovery disputes." *Guidelines to Civil Discovery Practice in the Middle District of Alabama*, Summary of the 2015 Revisions; *Walker*, 2022 WL 20209780, at *1. In this District, the

---

[1] Plaintiff also moves under Federal Rule of Civil Procedure 36(a)(6) to determine the sufficiency of Defendant's answers or objections to its requests for admission. (Doc. No. 138 at 1.) Although Rule 36(a)(6) does not mention a good faith conference, courts and other authorities indicate Rule 37's good faith conference requirement applies to Rule 36(a)(6) motions. *See City of Rome, Ga. v. Hotels.com L.P.*, No. 4:05-CV-0249-HLM, 2012 WL 13020827, at *10 (N.D. Ga. May 8, 2012) ("The court finds that the good faith conference requirement indeed applies to a motion to determine the sufficiency of responses under Rule 36.") (collecting cases); *see also* 8B *Wright & Miller's Federal Practice & Procedure* § 2263 (3d ed.) ("[l]ike other motions to compel, [a motion pursuant to Rule 36(a)(6)] is also subject to the requirement that the moving party attempt first to confer with the other side").

good-faith conference requirements of the Federal Rules of Civil Procedure and the *Guidelines to Civil Discovery Practice* are strictly enforced. *See Samadi*, 476 F. App'x at 821 (upholding denial of a discovery motion on grounds that the motion failed to comply with both Federal and local discovery rules).

Plaintiff states its counsel and Defendant's counsel had "an extensive and detailed discussion regarding all the discovery responses in an effort . . . to obtain responses and answers without Court intervention" on December 15, 2025. (Doc. No. 138 at 4.) Plaintiff's counsel sent two letters memorializing the discussion later that day. (Docs. No. 138-4, 138-5.) Plaintiff's counsel did not mention the possibility of a motion to compel in either letter. (*See id*.) Additionally, this meeting occurred almost three months ago. Plaintiff did not provide any evidence that a good faith attempt to confer occurred *after* the December 15, 2025 discussion. As the Guidelines mention, "[t]he Federal Rules anticipate that discovery will proceed without the intervention of the Court," and "many discovery disputes can be resolved informally if the parties will communicate prior to Court intervention." *See* Rule I.A., *Guidelines to Civil Discovery Practice in the Middle District of Alabama*; *see also Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (explaining that a local rule requiring a good-faith conference prior to the filing of discovery motions "encourages resolving discovery disputes without judicial involvement," whereas "[f]ailure to confer or attempt to confer may result in unnecessary motions" and the expenditure of judicial "resources better applied elsewhere").

Accordingly, it is ORDERED that Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production and to Determine the Sufficiency of Answers to Requests for Admission (Doc. No. 138) is DENIED without prejudice.

DONE this 12th day of March, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE